UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: _____

LISDANAY CAMPOS,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
THE CHRISTMAS PALACE, LLC; LED R　　　)
US LLC; and ALL SEASONS IMPORTS,　　　)
INC.,　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　Defendants.　　　　　　　　　　　 )
_____)

## COMPLAINT

Plaintiff, LISDANAY CAMPOS ("CAMPOS" or "Plaintiff"), sues the Defendants, THE CHRISTMAS PALACE, LLC; LED R US LLC; and ALL SEASONS IMPORTS, INC. (collectively the "Defendants"), and alleges as follows:

### NATURE OF ACTION

1.　　　This action involves the application of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978 ("Title VII" or the "PDA"); the Florida Civil Rights Act, Fla. Stat. § 760 *et seq*. (the "FCRA"); and Florida common law.

### JURISDICTION AND VENUE

2.　　　The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4). Jurisdiction is also invoked pursuant to 42 U.S.C.A. § 2000e-5(f), 28 U.S.C.A. §§ 1343(3) and 1343(4), and pursuant to 28 U.S.C.A. § 1367.

1

3. Venue is proper under 28 U.S.C. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3) because the acts complained of occurred within this judicial district and because Defendants have their principal place of business within the district, reside in the judicial district and because the employment records of CAMPOS are stored or have been administered, in Miami-Dade County.

## PARTIES

4. At all times material, CAMPOS was and is a female resident of Miami-Dade County, Florida.

5. At all times material, CAMPOS was an "employee" within the meaning of Title VII and the FCRA.

6. At all times material, are Florida companies doing business in Miami-Dade County, Florida.

7. At all times material, each one of the Defendants is an "employer" within the meaning of Title VII and the FCRA, and each one of the Defendants was engaged in an industry affecting commerce, and on information and belief, each one of the Defendants employed more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the then current or preceding calendar year. Alternatively, the Defendants, as a group and collectively, satisfy the definition of "employer" within the meaning of Title VII and the FCRA because they are (a) an integrated enterprise sharing common ownership, common management, centralized control of labor relations, and common offices and interrelated operations; or (b) joint employers sharing employees or interchanging employees; working in the direct interest of one another; and their employees are in the common control of all Defendants.

**CONDITIONS PRECEDENT**

8. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII. A Notice of Right To Sue was issued by the Equal Employment Opportunity Commission (EEOC) on January 27, 2016.

9. Plaintiff has complied with all conditions precedent required by the FCRA, and is filing this complaint more than 180 days from the date of she filed her charge of discrimination with the EEOC.

**GENERAL ALLEGATIONS**

10. At all times material, CAMPOS was employed by the Defendants from on or about October 13, 2014, until her wrongful termination on December 11, 2014.

11. CAMPOS performed her work admirably and was revered by her colleagues with whom she worked.

12. CAMPOS worked for the Defendants as an office assistant.

13. Defendants are in the business of selling goods and services for the Christmas Season.

14. CAMPOS' regular schedule was from Monday through Friday from 10:00 a.m. to 3:30 to 4:30 p.m.

15. Prior to commencing her employment with Defendants, Plaintiff informed Defendants that she had a second job at Publix Supermarkets, on a part-time basis, but only on the weekends.

16. Defendants acknowledged Plaintiff's second job and offered the office assistant job to Plaintiff, while noting that CAMPOS could not work on the weekends due to her second job.

17.     On or about December 4, 2014, CAMPOS informed the Defendants that she was pregnant.

18.     Approximately a week later, Plaintiff's supervisor, ERICKA MONTOYA, fired CAMPOS.

19.     The reason for Plaintiff's termination, Ms. Montoya explained, was because the business was "slow" and because the Defendants needed Plaintiff to work on the weekends.

20.     Upon information and belief, Defendants hired someone who was not pregnant to replace Plaintiff.

## COUNT I: VIOLATION OF PDA

21.     CAMPOS repeats and re-alleges paragraphs 1-20 as if fully stated herein.

22.     Plaintiff was a member of a protected class of citizens.

23.     She was qualified for position of office assistant.

24.     Plaintiff informed Defendants that she was pregnant.

25.     Defendants terminated Plaintiff and subjected her to disparate treatment because of her pregnancy in violation of the PDA.

26.      Because of such actions by Defendants, Plaintiff has suffered both irreparable injury and compensable damage unless and until this court grants relief.

27.     As a direct and proximate result of the actions of Defendants set forth above, CAMPOS has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish.  As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the plaintiff solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

(a) A declaration that the acts and practices of defendants complained of in this complaint are in violation of Title VII of the Civil Rights Act of 1964;

(b) Injunctive relief ordered by the court enjoining and permanently restraining these violations of the PDA by Defendants;

(c) An order of this court directing defendant to place plaintiff in the position she would have occupied but for Defendants' discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for defendant's discriminatory treatment, including but not limited to wages, pension, and other lost benefits, according to proof;

(d) Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

(e) Punitive damages, according to proof;

(f) Awarding Plaintiff the costs of this action together with reasonable attorney's fees, as provided by § 706(k) of Title VII, 42 U.S.C.A. § 2000e-5(k);

(g) Trial by jury on all issues triable of right by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure (F.R.C.P. 38); and

(h) Such other and further relief as the court deems just and proper.

## COUNT II: VIOLATION OF THE FCRA
## GENDER DISCRIMINATION

28. CAMPOS repeats and re-alleges paragraphs 1-20 as if fully stated herein.

29. Plaintiff was a member of a protected class of citizens.

30. She was qualified for position of office assistant.

31. Plaintiff informed Defendants that she was pregnant.

32. Defendants terminated Plaintiff and subjected her to disparate treatment because of her pregnancy in violation of the FCRA.

33. At all times material hereto, the Defendants failed to comply with the FCRA which states that it is an unlawful employment practice for an employer to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, *sex*, national origin, age, handicap, or marital status.

34. Plaintiff has been terminated and subjected to disparate treatment because of her gender in violation of the FCRA, and because of such actions by Defendants she has suffered both irreparable injury and compensable damage unless and until this court grants relief.

35. As a direct and proximate result of the above-described actions of Defendants, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. As a direct and proximate result of such actions, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits due to the plaintiff solely because of Defendants' conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:
(a) A declaration that the acts and practices of defendants complained of in this complaint are in violation of the FCRA;
(b) Injunctive relief ordered by the court enjoining and permanently restraining these violations of the FCRA by defendants;
(c) An order of this court directing defendants to place plaintiff in the position she would have occupied but for defendants' discriminatory treatment of her, and making her whole for all

earnings and other benefits she would have received but for defendants' discriminatory treatment, including but not limited to wages, pension, and other lost benefits, according to proof;

(d) Compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by defendants' intentional discrimination, according to proof;

(e) Punitive damages, according to proof;

(f) Awarding plaintiff the costs of this action together with reasonable attorney's fees, as provided by the FCRA;

(g) Trial by jury; and

(h) Such other and further relief as the court deems just and proper.

Dated: April 1, 2016.

By: */s/ R. Martin Saenz*
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549